UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 19-cv-21777

SUNY CHIRINOS,

     Plaintiff,

v.

COMPREHENSIVE HEALTH SERVICES, INC.
a foreign Profit Corporation,

     Defendant.

_____/

## DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Defendant, COMPREHENSIVE HEALTH SERVICES, INC. ("Defendant") responds to the Complaint filed by Plaintiff, Suny Chirinos ("Chirinos" or "Plaintiff") [ECF No. 1-2] as follows:

## JURISDICTION AND VENUE

1.     Defendant admits that Plaintiff attempts to bring an action against Defendant for damages in excess of $15,000.00, exclusive of attorneys' fees and costs.  However, Defendant denies that Plaintiff has stated any cause(s) of action against Defendant and that Plaintiff is entitled to any damages.  Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.     Defendant lacks sufficient knowledge or information to admit or deny the allegation that Plaintiff is a resident of Miami-Dade County, and therefore denies the allegations in Paragraph 2 of the Complaint.

3.      Defendant admits that it is a foreign corporation and that it conducts business in Miami-Dade County, Florida.  Defendant denies the remaining allegations contained in this Paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant neither admits nor denies the allegation that venue is proper in this Court because it calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that venue is proper in the U.S. District Court for the Southern District of Florida since Plaintiff worked for Defendant in Miami-Dade County, Florida.

6.      Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant admits that Plaintiff has filed an action seeking declaratory, injunctive, legal, equitable relief, attorneys' fees, costs, and damages.  However, Defendant denies that Plaintiff can maintain an actionable claim and further denies that Plaintiff is entitled to any damages.  Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

## GENERAL ALLEGATIONS

9.      Defendant admits that Plaintiff worked for Defendant between March 2018 and September 2018.  Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant avers that the Service Contract Act is a law that speaks for itself. Defendant denies Plaintiff's characterizations of the law, as contained in Paragraph 12 of the

Complaint.   Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant neither admits nor denies the allegations contained in Paragraph 13 of the Complaint as they call for legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 13 of the Compliant.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint as stated.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits that travel chaperones such as Plaintiff were qualified and asked to provide coverage for youth care worker shifts from time to time; Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant is unable to admit or deny the vague allegation contained in Paragraph 21 of the Complaint.  However, Defendant denies any insinuation that Defendant violated any laws with regard to any services Plaintiff performed for Defendant.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

### COUNT I
### *Breach of Agreement*

24.     Defendant re-alleges and incorporates by reference its responses to Paragraphs 1 through 23 as though fully stated herein in response to Paragraph 24 of the Complaint.

25.    Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.    Defendant denies the allegations contained in Paragraph 26 of the Complaint.

Defendant denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief from Defendant as requested in the WHEREFORE clause following Paragraph 26 of the Complaint.

## COUNT II
### *Quantum Meruit*

27.    Defendant re-alleges and incorporates by reference its responses to Paragraphs 1 through 23 as though fully stated herein in response to Paragraph 27 of the Complaint.

28.    Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29.    Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30.    Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31.    Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.    Defendant admits that Plaintiff seeks damages under quantum meruit but denies that Plaintiff is entitled to any relief from Defendant.  Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

Defendant denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief from Defendant as requested in the WHEREFORE clause following Paragraph 32 of the Complaint.

## COUNT III
### *Unjust Enrichment*

33.    Defendant re-alleges and incorporates by reference its responses to Paragraphs 1 through 23 as though fully stated here in response to Paragraph 33 of the Complaint.

34.    Defendant admits the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant admits the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant admits the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant admits that Plaintiff seeks damages for the value of the work performed but denies that Plaintiff is entitled to any relief from Defendant.  Defendant denies the remaining allegations contained in Paragraph 38 of the Complaint.

Defendant denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief from Defendant as requested in the WHEREFORE clause following Paragraph 38 of the Complaint.

## COUNT IV
### *Violation by Florida Private Sector Whistleblower's Act, Section 448.102*

39.     Defendant re-alleges and incorporates by reference its responses to Paragraphs 1 through 23 as though fully stated here in response to Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant avers that the Private Whistleblower Protection Act is a law that speaks for itself.  Defendant denies Plaintiff's characterizations of the law, as contained in Paragraph 43 of the Complaint.  Defendant denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

### PRAYER FOR RELIEF

In response to the unnumbered *ad damnum* clause, and its subparts (A) through (F), Defendant denies that any case or controversy exists so as to entitle Plaintiff to any of the relief sought therein, and Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, deny Plaintiff's demands and prayer for relief, award Defendant its costs incurred in defense of this action, and grant such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Defendant does not believe that the unnumbered demand for a jury trial requires a response or that any triable issues exist, but admits that Plaintiff seeks trial by jury of issues so triable as a matter of right.  Defendant further denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief from Defendant.

### TO THE COMPLAINT AS A WHOLE

Defendant denies each and every allegation, and all possible inference(s) from each and every allegation, that is not expressly admitted by Defendant in this Answer and Statement of Defenses to the Complaint.

### DEFENSES AND AFFIRMATIVE DEFENSES

Subject to and without waiving the above denials, Defendant alleges the following further and separate defenses and affirmative defenses:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted by this Court under applicable laws because she has not alleged a proper contract (offer, acceptance, breach and damages) on which his claim is based.

## SECOND DEFENSE

Plaintiff has failed to state a cause of action for *quantum meruit* and unjust enrichment and, therefore, Plaintiff is barred from recovery.

## THIRD DEFENSE

Plaintiff has failed to state a cause of action for violation of Florida's Whistleblower Act (FWA) and, therefore, Plaintiff is barred from recovery.

## FOURTH DEFENSE

Defendant is not liable for any actions taken against Plaintiff, because, among other things, retaliatory motive was not the but-for cause for any decisions under § 448.102(3), *Fla. Stat*.

## FIFTH DEFENSE

Plaintiff's claims are barred because she has not performed any services or supplied any goods for which she has not been properly compensated.

## SIXTH DEFENSE

Plaintiff's claims are barred because Defendant was not enriched or benefited by Plaintiff's services beyond what it compensated Plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims are barred because any enrichment or benefit Defendant received from Plaintiff's services was not unjust.

## EIGHTH DEFENSE

Plaintiff's claims are barred because Defendant was not aware that Plaintiff expected to be compensated in any amount over her wage rate.

**NINTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent Plaintiff seeks compensation in this action for non-compensable activities.

**TENTH DEFENSE**

Plaintiff's claims are barred because Defendant has not violated any contractual or other legal duty owed to Plaintiff.

**ELEVENTH DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, any recovery Plaintiff may be entitled to as a result of this action must be offset or reduced by any overpayments made by Defendant to Plaintiff and/or by the value of any amounts of compensation and benefits that Plaintiff was not entitled to receive.

**TWELFTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff received full satisfaction of all payments owed to Plaintiff, or Plaintiff refused to accept payment by the Defendant, thereby excusing Defendant from all amounts owed to Plaintiff.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the equitable doctrines of waiver and estoppel.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred from recovery by the doctrine of unclean hands and laches.

**FIFTEENTH DEFENSE**

Plaintiff was, at all material times, an at-will employee of Defendant and, therefore, Plaintiff was subject to termination at any time, with or without cause.

## SIXTEENTH DEFENSE

Plaintiff is estopped from recovering for her claims to the extent that Plaintiff was involved in any improper activities occurring during her employment, or failed to properly notice and act upon any such activities.

## SEVENTEENTH DEFENSE

Plaintiff's claims for damages should be barred or limited by after acquired evidence discovered by Defendant that show that Plaintiff's employment would have been terminated on other grounds.

## EIGHTEENTH DEFENSE

Plaintiff's claims for damages should be barred or limited because Plaintiff seeks to recover more than she is entitled to recover in this case, and award of the judgment sought by the Plaintiff would unjustly enrich her.

## NINETEENTH DEFENSE

Plaintiff's claims for damages are barred or limited to the extent Plaintiff seeks recovery of an amount greater than that permissible under Florida and/or federal law, and all such claims are subject to the limitations of appropriate statutory caps or limits existing at law.

## TWENTIETH DEFENSE

Defendant is entitled to recover attorneys' fees and costs as the prevailing party under Fla. Stat. §448.104.

## TWENTY-FIRST DEFENSE

Any actions undertaken with regard to Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory business reasons.

### TWENTY-SECOND DEFENSE

Plaintiff's claims and/or damages are barred on the grounds that even if any decision concerning Plaintiff was based, in part, on grounds of unlawful retaliation, which Defendant categorically denies, Defendant would have reached the same decision based on other legitimate, non-discriminatory, non-retaliatory reasons.

### TWENTY-THIRD DEFENSE

Plaintiff's claims of retaliation and/or claims for damages are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged retaliatory behavior and/or the Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities to otherwise avoid harm.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims for monetary relief and damages are barred to the extent that Plaintiff failed to mitigate her damages.  Defendant is entitled to a set-off against Plaintiff's claim for damages in the amount(s) that Plaintiff did or could have earned through reasonable efforts.

### TWENTY-FIFTH DEFENSE

Defendant made good-faith efforts to prevent retaliatory behavior in the workplace, and thus cannot be liable for the actions of its agents, or for punitive damages, to the extent the challenged employment decisions were contrary to its efforts to comply with the relevant statutes.

### TWENTY-SIXTH DEFENSE

To the extent that Plaintiff seeks an award of liquidated damages, such damages are unavailable under applicable law and/or are barred based on Defendant's good faith efforts to comply with the law.

### TWENTY-SEVENTH DEFENSE

Defendant is entitled to recover its court costs and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or fact.

## TWENTY-EIGHTH DEFENSE

Defendant did not commit any underlying violation of a law, rule, or regulation as required to maintain an action under the FWA.

## TWENTY-NINTH DEFENSE

At no point in time did Plaintiff ever object to or refuse to participate in activity, policy or practice of the Defendant that was in violation of a law, rule or regulation, as required to maintain a claim under the FWA, nor did Defendant ever engage in any retaliatory personnel action tied to any protected activity.

## THIRTIETH DEFENSE

Plaintiff failed to engage in protected activity under the FWA.

## THIRTY-FIRST DEFENSE

Plaintiff voluntarily quit and abandoned her employment with Defendant, and was never terminated without reason.

## THIRTY-SECOND DEFENSE

There is no private right or cause of action under the Service Contract Act.

## THIRTY-THIRD DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff seeks remedies beyond those provided under applicable law.

## RESERVATION OF RIGHTS

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer and Statement of Defenses to state such other affirmative and additional defenses or matters in avoidance, and/or to otherwise supplement this Answer and Statement of Defenses upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, premises considered, Defendant prays that this Court, upon hearing hereof, enter judgment as follows:

1.  Ordering that Plaintiff take nothing by this action;

2.  Dismissing Plaintiff's Complaint and any claim therein in its entirety with prejudice;

3.  Ordering that judgment be entered in Defendant's favor;

4.  Awarding Defendant its attorneys' fees against Plaintiff pursuant to law;

5.  Awarding costs to Defendant; and

6.  Awarding Defendant such other relief, both at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted this 10th of May, 2019,

FORD & HARRISON LLP

/s/ Elizabeth M. Rodriguez
Elizabeth M. Rodriguez
Florida Bar No. 821690
erodriguez@fordharrison.com
Fabian A. Ruiz
Florida Bar No. 117928
fruiz@fordharrison.com
One S.E. 3rd Avenue, Suite 2130
Miami, FL  33131
Telephone: (305) 808-2143
Facsimile: (305) 808-2101

and

Louis D. Wilson
Florida Bar No. 62257
ldwilson@fordharrison.com
1901 S. Harbor City Blvd., Suite 501
Melbourne, FL 32901
Telephone: 321-724-5970
Facsimile:  321-724-5979

Counsel for Defendant

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on May 10, 2019, I electronically filed the foregoing document with the Clerk for the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

### SERVICE LIST

Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
ns@rgpattorneys.com
Carlos D. Serrano, Esq.
cs@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Fax: 305- 416-5005

FORD & HARRISON LLP

/s/Elizabeth M. Rodriguez
Elizabeth M. Rodriguez

WSACTIVELLP:10527026.1